IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 08 CR 540-1 |
| | ) | Judge David H. Coar |
| ROY FLUKER, JR., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT ROY FLUKER'S MOTION TO PRESERVE AGENTS' NOTES**

Defendant Roy Fluker, Jr., by his attorney Raymond D. Pijon, respectfully requests this court to enter an order directing all government agents and all local investigative personnel involved in any aspect of this case to retain and preserve all notes made during the course of the investigation in this case. Further, defendant requests production of those notes at least *two* weeks prior to trial.

Specifically, defendant requests preservation of all rough notes, memoranda, resumes, synopses and similar materials produced as part of the investigation, whether or not the contents were incorporated into any official records such as, but not limited to, FBI, DEA, Secret Service, Postal Inspection Services reports, Chicago Police Department reports and street files.

In addition, these rough, handwritten notes, resumes, synopses and similar materials produced during the investigation or while interviewing witnesses are potentially discoverable material at trial under the Jencks Act; their preservation is required for

production at trial even if not discoverable prior to trial.  See *United States v. Wables*, 731 F.2d 440, 448-49 (7th Cir. 1984).

Also, investigating agents may omit details contained in their rough notes when they produce synopses for official reports, and these details can be significant to defense counsel under *Brady v. Maryland*, 373 U.S. 83 (1963). To ensure that the defendant's rights to due process and confrontation of witnesses are not violated, it is submitted that this court must enter an order to compel preservation of rough notes by any and all governmental law enforcement officials who aided in the investigation of the acts, transactions and matters indicated in the indictment. These officials include, but are not limited to, agents of the Federal Bureau of Investigation and the Drug Enforcement Administration and all other investigative officials of the federal government.  *See United States v. Ammar*, 714 F.2d 238 (3d Cir. 1983); *United States v. Harrison*, 524 F.2d 421 (D.C. Cir. 1975).

Granting the instant request imposes no undue burden upon the government since, as a matter of policy, FBI and DEA agents already are required to preserve all investigative notes until final disposition of a matter.

WHEREFORE, defendant Roy Fluker, Jr., requests the entry of an order requiring all federal and local law enforcement personnel or other investigative personnel, to retain their investigative notes of all transactions and matters leading to the present indictment.

Respectfully submitted,

/s/ Raymond D. Pijon

Raymond D. Pijon
134 N. La Salle St., Suite 1800
Chicago, IL 60602
312/236-8708