IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 08 CR 540-1 |
| | ) | Judge David H. Coar |
| ROY FLUKER JR., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT ROY FLUKER'S MOTION AND SUPPORTING MEMORANDUM OF LAW TO REQUIRE NOTICE OF INTENTION TO USE OTHER CRIMES, WRONGS OR ACTS AS EVIDENCE**

Defendant Roy Fluker, Jr., by his attorney Raymond D. Pijon, respectfully moves this honorable court, pursuant to Rule 12(d)(2), Federal Rules of Criminal Procedure, for an order requiring the government to give notice at least *three* weeks prior to trial of its intention to use, in its direct case, or during the cross-examination of a defendant or in its rebuttal case, the following:

1. Evidence of "other crimes, wrongs or acts" of any defendant or codefendant, as that phrase is used in Federal Rules of Evidence 404(b).

   a. In regard to said notice, the government should identify and describe:

   (i) the dates, times, places and persons involved in said crimes, wrongs or acts;

   (ii) the statements of each participant in said crimes, wrongs or acts;

   (iii) the documents which contain evidence of said crimes, wrongs

      or acts, including the dates the documents were prepared and the names of those who prepared them and those who have possession of them; and

  iv)  the issue or issues under Federal Rule of Evidence 404(b) to which the government believes such evidence of other crimes, wrongs or acts is relevant.

Notice of the government's intention to introduce evidence pursuant to Federal Rule of Evidence 404(b) allows the defendant the necessary time to prepare and contest the admissibility of such evidence. In *United States v. Foskey*, 636 F.2d 517 (D.C. Cir. 1980), the court reversed a defendant's conviction because of the erroneous admission of evidence concerning prior acts and recommended that in the future the government notify the defense before trial of its intention to introduce any such evidence. Id. at 526. The court reasoned that pretrial notice may obviate some of the difficulties that arise from the complexity of many 404(b) issues and the confusion growing out of the introduction of evidence of prior acts.

Moreover, notice is necessary to allow defendant the time to prepare and to contest the admissibility of the government evidence regarding other defendants pursuant to Federal Rule of Evidence 404(b). Evidence against other defendants admissible under Rule 404(b) may be so highly prejudicial to the defendant that a cautionary instruction would be insufficient to protect his right to a fair trial. Unless such evidence is excluded, defendant would be entitled to a separate trial. *United States v. Figueroa*, 618 F.2d 934, 946-947 (2d Cir. 1980); *United States v. Danzey*, 594 F.2d 905, 917-919 (2d Cir.), *cert*. denied, 441 U.S. 951 (1979).

    2.    Evidence of "specific instances of conduct" of any defendant, as that phrase is used in Federal Rule of Evidence 608(b).

    a.    In regard to said notice, the government should identify and describe:

        (i)    the dates, times, places and persons involved in said specific acts of misconduct;

        (ii)    the statements of each participant in said specific acts of misconduct; and

        (iii)    the documents which contain evidence of said specific acts of misconduct, including when the documents were prepared, who prepared the documents, and who has possession of the documents.

WHEREFORE, defendant Roy Fluker, Jr., respectfully requests that the instant motion be granted.

                                                Respectfully submitted,

                                                /s/ Raymond D. Pijon

Raymond D. Pijon  
Attorney for Defendant  
134 North LaSalle, Suite 1800  
Chicago, IL 60602  
312/236-8708